United States District Court
Southern District of Texas
**ENTERED**
July 23, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICTOR QUINTEROS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-5168** |
| | § | |
| **DANNY NGUYEN, DANNY NGUYEN COUTURE, AND HLOYAL MANAGEMENT & PR,** | § | |
| | § | |
| **Defendants.** | § | |

## MEMORANDUM AND RECOMMENDATION

Pending before the Court[1] is *pro se* Plaintiff Victor Quintanilla's ("Plaintiff") Emergency Motion for an Ex Parte Temporary Restraining Order and Preliminary Injunction. (ECF No. 3). For the reasons stated below, the Court **RECOMMENDS** that Plaintiff's motion be **DENIED AS MOOT**.

## I. Background

Plaintiff, proceeding *pro se*, filed this trademark infringement action against Defendants Danny Nguyen, Danny Nguyen Courture, and Hloyal Management & PR (collectively, "Defendants"). (ECF No. 1). Plaintiff alleges that he is the owner and registrant of the trademark "Houston Fashion Week"

[1] This case was referred to the Undersigned for all purposes pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Federal Rule of Civil Procedure 72. (ECF No. 8).

and asserts claims for trademark infringement and unfair competition based on Defendants' alleged use of the phrase "Fashion Week Houston." (*Id.*).

On June 26, 2026, Plaintiff filed an Emergency Motion for an Ex Parte Temporary Restraining Order and Preliminary Injunction pursuant to Federal Rule of Civil Procedure 65(b). (ECF No. 3). Plaintiff alleges that Defendants scheduled a five-night runway production from June 24 through June 28, 2026, and that Defendants were improperly using a mark similar to Plaintiff's trademark for the event. (*Id.*). Plaintiff requested that the Court enjoin Defendants, their marketing networks, and venue partners from using the phrases "Fashion Week Houston" or "Houston Fashion Week" from June 24 through June 28, 2026. (*Id.*).

## II. Legal Standard

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *See Tex. Midstream Gas Servs., LLC v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (quoting *Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 21 (2008)). The plaintiff has the burden of introducing sufficient evidence to justify the grant of a preliminary injunction. *See PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*,

418 F.3d 535, 546 (5th Cir. 2005). "A preliminary injunction is an extraordinary remedy which should only be granted if the movant has clearly carried his burden of persuasion on all four factors." *ADT, LLC v. Cap. Connect, Inc.*, 145 F. Supp. 3d 671, 681 (N.D. Tex. 2015) (citing *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). The decision to grant or deny an injunction is "left to the sound discretion of the district court." *Id.* (citing *Miss. Power & Light Co.*, 760 F.2d at 621).

"Ex parte temporary restraining orders are no doubt necessary in certain circumstances, but under federal law they should be restricted to serving their underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. No. 70 of Alameda Cnty.*, 415 U.S. 423, 439 (1974) (internal citation omitted). Like a preliminary injunction, a temporary restraining order requires the movant to show the four elements mentioned above. *Albright v. City of New Orleans*, 46 F. Supp. 2d 523, 532 (E.D. La. 1999).

Article III of the United States Constitution limits the jurisdiction of federal courts to actual cases and controversies. U.S. CONST. art. III, § 2, cl. 1. "If an intervening circumstance deprives a plaintiff of a personal stake in the outcome of the action or makes it impossible for the court to grant any effectual

relief whatever to the prevailing party, the case must be dismissed as moot." *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014) (citations omitted).

## III. Discussion

Plaintiff's request for injunctive relief is moot because the event Plaintiff sought to enjoin has already occurred. Plaintiff's motion alleges that Defendants scheduled a five-night runway production from June 24 through June 28, 2026, and requests that the Court immediately enjoin Defendants from using "Fashion Week Houston" or "Houston Fashion Week" during that period. (ECF No. 3). Because the June 24–28, 2026 dates have passed, the Court can no longer provide the emergency relief requested by Plaintiff. Accordingly, Plaintiff's request for injunctive relief no longer presents a live controversy. *See Payne*, 748 F.3d at 607 (explaining that a claim is moot when intervening circumstances make it impossible for the court to grant effective relief). Plaintiff has likewise failed to show entitlement to a preliminary injunction. The Court therefore recommends that Plaintiff's motion be denied as moot.

## IV. Conclusion

Based on the foregoing, the Court **RECOMMENDS** Plaintiff's Emergency Motion for an Ex Parte Temporary Restraining Order and

Preliminary Injunction (ECF No. 3) be **DENIED AS MOOT**.

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on July 23, 2025.

Richard W. Bennett
United States Magistrate Judge