United States District Court
Southern District of Texas
**ENTERED**
October 22, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **VICTOR QUINTEROS,** | § | |
| | § | |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:26-cv-5168** |
| | § | |
| **DANNY NGUYEN, DANNY NGUYEN COUTURE, AND HLOYAL MANAGEMENT & PR,** | § | |
| | § | |
| **Defendants.** | § | |

**MEMORANDUM AND RECOMMENDATION**

Plaintiff filed this action on June 26, 2026. (ECF No. 1). By order dated June 30, 2026, the Court set the case for an initial scheduling conference on October 30, 2026. (ECF No. 4). On July 31, 2026, the Court reset the initial scheduling conference for October 5, 2026. (ECF No. 10). The deadline to serve Defendants was September 24, 2026. *See* FED. R. CIV. P. 4(m) (requiring defendant(s) to be served within 90 days after the filing of the complaint).

On September 30, 2026, the Court issued an Order of Noncompliance due to Plaintiff's failure to provide proof of timely service of Defendants and for not paying the court filing fee. (ECF No. 16). As such, the Court advised Plaintiff he had twenty-one (21) days from the date of its Order to properly serve Defendants and provide proof of service with the Court and to pay the filing fee or submit an application showing that he is entitled to proceed without

payment of fees. (*Id.* at 2). The deadline was October 21, 2026. (*Id.*). The Court warned that failure to comply with the Court's Order would result in a recommendation that this case be dismissed. (*Id.*). As of the date of this Memorandum and Recommendation, Plaintiff has not complied.

Federal Rule of Civil Procedure ("Rule") 16(f) allows for the Court to issue any just order, including if a party or its attorney fails to obey a scheduling or other pretrial order. FED. R. CIV. P. 16(f)(1)(C). Rule 41(b) also allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988)).

Here, the Court should dismiss this action under Rules 16(f) and 41(b). Plaintiffs have failed to comply with Court orders directing Plaintiff to properly serve Defendants and provide proof of service and to pay the filing fee or show that he is entitled to proceed without payment of fees. By failing to comply with the Court's orders, Plaintiff has prevented this action from proceeding. The Court should therefore exercise its inherent power to prevent undue delays in the disposition of pending cases and *sua sponte* **DISMISS** this action without prejudice. *See Coe v. United States*, No. 3:23-cv-1627, 2023 WL

9231455, at *2 (N.D. Tex. Dec. 21, 2023), *report and recommendation adopted*, No. 3:23-cv-1627, 2024 WL 150441 (N.D. Tex. Jan. 12, 2024).

The Clerk shall send copies of this Memorandum and Recommendation to the respective parties who have fourteen days from the receipt thereof to file written objections thereto pursuant to Federal Rule of Civil Procedure 72(b) and General Order 2002-13. Failure to file written objections within the time period mentioned shall bar an aggrieved party from attacking the factual findings and legal conclusions on appeal.

**SIGNED** in Houston, Texas on October 22, 2026.

Richard W. Bennett
United States Magistrate Judge